

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50210 | **DATE** | 2/12/2002 |
| **CASE TITLE** | STEADMAN vs. POLLOCK, ET AL. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant Owen's motion to dismiss is granted. The court also sua sponte dismisses the County of Boone as a defendant. The court also hereby reaffirms its previous dismissal of defendants Pollock and the City of Belvidere. This case is hereby dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | FEB 1 2 2002 | 18 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 2-12-02 | |
| /SEC6 | courtroom deputy's initials | 2002 FEB 12 PM 1:51 U.S. DISTRICT COURT | date mailed notice OW mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, James P. Steadman has filed a one-count amended complaint against defendants, County of Boone ("County"), Troy C. Owens in his individual capacity as an Assistant State's Attorney for the County, the City of Belvidere, and Mark Pollock in his individual capacity as an officer of the Belvidere Police Department.[1] Steadman generally alleges violations of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983. Jurisdiction and venue are thus proper pursuant to 28 U.S.C. §§ 1331, 1343, 1391. Before the court is Owens' renewed motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

To clarify some of the surrounding facts in this case, the court has taken judicial notice of an unpublished judicial opinion by the Illinois Appellate Court, Second District, in the case styled People of Illinois v. James P. Steadman, No. 2-99-0295 (Ill. App. Ct. Aug. 2, 2000) - a copy of which is attached to Owens' original motion to dismiss. See Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 609 n.30 (7th Cir. 1993) (court can take judicial notice of decisions of federal and state courts). On May 30, 1997, after pulling him over for speeding, Officer Pollock discovered Steadman had a revoked driver's license. Steadman was tried (by State's Attorney Owens), found guilty of driving with a revoked driver's license, and was sentenced on April 6, 1999. On appeal, the Illinois Appellate Court overturned Steadman's conviction on the basis that Officer Pollock lacked authority to make the initial stop. It was learned at trial that Pollock had never observed Steadman within the Belvidere city limits. And, although a section of Illinois' Code of Criminal Procedure gives police officers the power to make extraterritorial arrests, see 725 ILCS 5/107-4(a-3), both parties and the appellate court agreed this section did not apply in Steadman's case. This was because the Illinois Supreme Court, in a decision modified on rehearing and filed March 29, 1999, had declared this section unconstitutional, and the Illinois legislature's reenactment of this section in 1998, before the Illinois Supreme Court decision, did not date back to the date of Steadman's arrest. The appellate court also found Officer Pollock's use of a radar gun meant that Pollock's extraterritorial arrest was not a valid citizen's arrest under 725 ILCS 5/107-3.

In his motion to dismiss, Owens argues that he is entitled to prosecutorial immunity. Steadman responds only that Owens prosecuted him under an unconstitutional statute - 725 ILCS 5/107-4(a-3) and, therefore, is not entitled to prosecutorial immunity. But, as the appellate court opinion makes clear, the parties also argued at trial the issue of whether Pollock's stop of Steadman constituted a valid citizen's arrest. See People v. Steadman, slip op. at 2. Steadman completely ignores this fact in his response brief and does not argue at all that it was improper for Owens to proceed under this alternate theory.

To free the judicial process from the harassment and intimidation associated with frivolous litigation, the Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). This immunity shields the prosecutor even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence. See Henry v. Farmer City State Bank, 808 F.2d 1228, 1238 (7th Cir. 1986). In this case, it is true the Illinois Appellate Court ultimately disagreed with the State's theory of why Officer Pollock's use of a radar gun on Steadman did not result in an invalid citizen's arrest. It might even be said that the State's theory on this issue was an uphill battle, to say the least, in light of the case law cited by the Illinois Appellate Court in its unpublished opinion. But none of this means (and Steadman does not argue otherwise) that Owens' theory was so wild or unsupported that it falls outside the ambit of prosecutorial immunity.

In addition, the court also notes it appears the fact that Pollock was acting outside of his jurisdiction was only discovered through Pollock's testimony at trial. Thus, Owens' initial decision to prosecute Steadman was apparently not even based upon either the unconstitutional statute or the citizen's arrest statute. It was not until Owens learned at trial that Pollock had observed Steadman speeding before using the radar detector that he argued the arrest fell under the citizen's arrest provision of 725 ILCS 5/107-3. And, once again, the fact that the Illinois Appellate Court ruled that such evidence, by itself and without the radar gun evidence, was insufficient to justify Pollock's detention of Steadman is of no consequence for present purposes. Such prosecutorial judgment decisions fall squarely within the absolute prosecutorial immunity contemplated by the Supreme Court. See generally Imbler, 424 U.S. at 427-28 & n.27 (refusing to allow use of successful habeas petition as "door opener" for subsequent civil rights action).

For the reasons stated above, Owens' renewed motion to dismiss is granted. Owens and the County are hereby dismissed as defendants.[3] The court also hereby reaffirms its previous dismissal of defendants Pollock and the City of Belvidere. This case is hereby dismissed in its entirety.

---

[1] Defendants Mark Pollock and the City of Belvidere were previously dismissed by agreement of the parties before plaintiff filed his amended complaint.

[2] For whatever reason, the County has not joined Owens in renewing their joint motion to dismiss. Nevertheless, the court sua sponte dismisses the County because, although Steadman named the County in the caption of his amended complaint, he makes no reference at all to the County in the body of that complaint. See Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974) (per curiam).

[3] Although Steadman makes vague references to "state law" in his amended complaint, the court does not understand him to plead a separate state law cause of action. To the extent he does, though, the court declines to exercise supplemental jurisdiction over any such claim. See 28 U.S.C. § 1367(c)(3).

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

James P. Steadman                    **JUDGMENT IN A CIVIL CASE**

      v.                                           Case Number: 01 C 50210

Ofc. Mark Pollock, et al.

☐      Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■      Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant Owen's motion to dismiss is granted. The court also sua sponte dismisses the County of Boone as a defendant. The court also hereby reaffirms its previous dismissal of defendants Pollock and the City of Belvidere. This case is hereby dismissed in its entirety.

All orders in this case are now final and appealable.

                                                   Michael W. Dobbins, Clerk of Court

Date: 2/12/2002

                                                   /s/ Susan Wessman
                                                   Susan M. Wessman, Deputy Clerk

FILED-WD
2002 FEB 12 PM 1:51
CLERK
U.S. DISTRICT COURT